# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00843-CV

**Johnny Davis, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 241,425-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Johnny Davis appeals the district court's order terminating his parental rights to his minor children, L.V.D. and A.V.D. The Department of Family and Protective Services ("the Department") had received reports that Davis's wife, Jorgina Vasquez-Davis, was neglecting and abusing the children and using drugs in their presence. The Department removed the children from the care of Vasquez-Davis and placed them in foster care. At the time, Davis was incarcerated in Florida for burglary of a habitation, but he was released prior to the termination hearing.

At the hearing, the trial court heard testimony that Davis had beaten and choked two children he fathered by another woman before marrying Vasquez-Davis. Other testimony indicated that Davis had an extensive criminal history. There was also evidence of ongoing drug use in the home by Vasquez-Davis and testimony that Davis knew of this drug use before going to prison, but took no steps to protect L.V.D. and A.V.D. from exposure to it. A caseworker testified that Davis had sent the children a few gifts, but no child support, since being released from prison and that a

home study of Davis concluded that he could not offer adequate housing for L.V.D. and A.V.D. Letters in which L.V.D. and A.V.D. expressed love for Davis were admitted into evidence, but there was also testimony that the girls had not wanted to speak to Davis in several months. In addition, the court interviewed L.V.D. and A.V.D. in the jury room, and both asked to stay with their foster parents, who wished to adopt them.

Testifying by telephone because he could not afford transportation to court, Davis denied knowing that Vasquez-Davis had used drugs at any time in the past fifteen years. Davis testified that out of six or seven charges that he abused his older children, only one was verified, and he had since received services that ensured he was no longer the same person. Davis stated that he had completed a psychological evaluation and parenting classes as instructed but admitted that he had not undergone therapy, citing financial constraints. Further, he testified that he could secure a two-bedroom apartment in subsidized housing if L.V.D. and A.V.D. were returned to him. Davis testified that he was working two jobs to make ends meet and that his children were very important to him. After the hearing, the trial court found that the statutory grounds for termination were met and that termination would be in the children's best interests. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2011). The court granted termination of the rights of both parents.

On appeal, Davis's court-appointed attorney has filed an *Anders* brief informing this Court that he has made a "conscientious examination" of the record in this case and has found no argument that could possibly persuade the Court to reverse or modify the judgment. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47

(Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has certified to this Court that he provided Davis with a copy of the *Anders* brief along with a notice advising Davis of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and the *Anders* brief submitted on Davis's behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Davis's parental rights and grant counsel's motion to withdraw as attorney of record.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   June 8, 2012